UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES DEAN WILKS, | ) | Case No. C06-0615-RSL-JPD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| KING COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is an inmate at the King County Correctional Facility ("Jail") in Seattle,

Washington who is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil-

rights action against King County and several individual Jail employees.  Dkt. No. 10.[1]

Plaintiff's complaint alleges, among other things, that the Jail's grievance procedure is

unconstitutional.  *Id*. at 6-10.  It also moves the Court for "an immediate injunction" directing

_____

[1]The Court declined to serve plaintiff's initial complaint because he indicated that he
wished to amend it.  Dkt. No. 8.  Plaintiff filed a first amended complaint on June 8, 2006.
Dkt. No. 9.  On June 13, 2006, a "corrected" version of the amended complaint was filed.
Dkt. No. 10.  The Court directed service of the corrected amended complaint.  Dkt. No. 11.

REPORT AND RECOMMENDATION
PAGE - 1

the Jail to make specific changes to its grievance procedure. *Id*. at 8-10. The Court construed

this as a motion for a preliminary injunction and directed defendants to respond.[2] Dkt. No. 11.

Defendants have filed a motion opposing plaintiff's motion. Dkt. No. 22. Having carefully

reviewed the parties' papers, supporting materials, and the record, the Court recommends that

the motion for preliminary injunction be DENIED.

## II. ANALYSIS

The central purpose of a preliminary injunction is to preserve the status quo pending

resolution of the merits of the case at trial. *Chalk v. United States District Court*, 840 F.2d

701, 704 (9th Cir. 1988). The Ninth Circuit has identified two alternative tests for

determining whether a preliminary injunction should be granted:

> Under the traditional criteria, a court may grant a preliminary injunction if a
> plaintiff shows (1) a strong likelihood of success on the merits, (2) the
> possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3)
> a balance of hardships favoring the plaintiff, and (4) advancement of the public
> interest (in certain cases). Alternatively, a court may grant a preliminary
> injunction if a plaintiff demonstrates either a combination of probable success
> on the merits and the possibility of irreparable harm *or* that serious questions
> are raised and the balance of hardships tips sharply in his favor.

*Earth Island Institute v. U.S. Forest Service*, 442 F.3d 1147, 1158 (9th Cir. 2006) (internal

quotations and citations omitted).

Plaintiff's motion fails under both formulations. As an initial matter, plaintiff's motion

does not seek to preserve the status quo. To the contrary, plaintiff's motion seeks to compel

an extensive revision of the Jail's internal grievance procedure. Plaintiff's motion requests,

---

[2]Because plaintiff subsequently indicated that he wished to again amend his complaint,
(though he later indicated he would not), the Court struck the original deadline for defendants
to respond to the motion for a preliminary injunction. Dkt. Nos. 15, 19-21.

REPORT AND RECOMMENDATION
PAGE - 2

among other things, that the Jail use new types of grievance forms, assign a "third party sergeant" to review grievances, and provide inmates with a "receipt" copy of their grievance. Dkt. No. 10 at 8-10. This type of detailed relief is inconsistent with the purpose of a preliminary injunction and is more appropriate to consider if and when plaintiff prevails.

Additionally, plaintiff has not shown that he is likely to succeed on the merits of his claims. Although his complaint makes serious allegations, it provide little evidence that suggests he is likely to prevail. Indeed, the precise nature of his claims remains largely unclear at this stage of the litigation. Moreover, plaintiff has not demonstrated that he will suffer irreparable injury if the preliminary injunction is not granted. Plaintiff has indicated that he believes the Jail's grievance procedure would be better if it implemented his proposed changes, but has not indicated that he will suffer any injury pending the resolution of the merits of his claims. As to the third factor, plaintiff has not shown that the balance of hardships tips in his favor. He has not demonstrated that that the current grievance procedure is causing him any particular hardship. While it is true that plaintiff is incarcerated, this fact alone is an insufficient basis upon which to grant the motion.

## III. CONCLUSION

Because plaintiff's request does not seek to preserve the status quo, and because he has not satisfied the standard for granting a preliminary injunction, the Court recommends that plaintiff's motion be DENIED. A proposed order accompanies this report and recommendation.

01      DATED this  21st day of August, 2006.

02

03                                              _James P. Donohue_

04                                              _____
                                                JAMES P. DONOHUE
05                                              United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4