UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JAMES DEAN WILKS,                   )    No. C06-615RSL
                                    )
                    Plaintiff,      )    ORDER DENYING PLAINTIFF'S
     v.                             )    MOTION TO REMOVE JUDGE
                                    )    DONOHUE AND ORDER ON
KING COUNTY, *et al.*,              )    PLAINTIFF'S MOTION TO REMOVE
                                    )    THE UNDERSIGNED
                    Defendants.     )
_____)

This matter comes before the Court under Local General Rule 8(c). On September 26, 2007, plaintiff James Dean Wilks filed a motion to remove the Honorable James P. Donohue, United States Magistrate Judge, and the undersigned from "hearing this case." See Dkt. #42 (Plaintiff's Objection to Report and Recommendation, including an "Affidavit of Prejudice") at 5-7.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER DENYING MOTION TO REMOVE
JUDGE DONOHUE AND ORDER ON MOTION
TO REMOVE THE UNDERSIGNED

> proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues recusal of Judge Donohue is warranted because Judge Donohue "has heard Plaintiffs [sic] Habeas Corpus Petitions, and other 'dismissed' cases before this court that have been filed in the 'past.'" Dkt. #42 at 6 (emphasis in original). Plaintiff, however, does not identify any extrajudicial source of the alleged prejudice in this allegation: the only suggestion of bias is Judge Donohue's decisions in plaintiff's prior cases. Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, plaintiff has not met the burden of showing an appearance of bias.

Having reviewed plaintiff's motion to remove Judge Donohue and the remainder of the record, the Court finds that Judge Donohue's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Donohue from this matter (Dkt. #42) is DENIED.

The Court has also reviewed plaintiff's motion to remove the undersigned and concludes

ORDER DENYING MOTION TO REMOVE
JUDGE DONOHUE AND ORDER ON MOTION
TO REMOVE THE UNDERSIGNED                    -2-

1 there is no valid basis for the allegation of bias and no justification for recusing voluntarily.
2 Plaintiff's only contention relating to the alleged bias of the undersigned is that "Robert S.
3 Lasnik, has worked as a city prosecutor for Norm Maleng's Judicial Powerhouse earlier in his
4 career[.]" Dkt. #42 at 6.  The Court finds that a reasonable person would not believe that the
5 undersigned is unable to be impartial in this matter based on this statement.  Because the
6 undersigned declines to voluntarily recuse himself from this matter, the motion to recuse (Dkt.
7 #42) is now REFERRED to the Honorable Marsha J. Pechman, United States District Judge,
8 pursuant to Local General Rule 8(c).

     Under 28 U.S.C. § 144, the undersigned may take no actions in this matter until Judge Pechman has ruled on the motion to recuse.

     The Clerk is directed to send copies of this order to Judge Pechman and to plaintiff.

     DATED this 28th day of September, 2007.

                                */s/ Robert S. Lasnik*
                                Robert S. Lasnik
                                United States District Judge

ORDER DENYING MOTION TO REMOVE
JUDGE DONOHUE AND ORDER ON MOTION
TO REMOVE THE UNDERSIGNED                -3-